IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFONSO TREVINO, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CASE NO.: 4:14-CV-01936 |
| § | |
| RDL ENERGY SERVICES, LP, ET AL., § | |
| § | |
| Defendants. § | |

**DEFENDANT BAKER HUGHES PROCESS AND PIPELINE SERVICES LLC'S
MOTION TO DISMISS**

Defendant Baker Hughes Process and Pipeline Services LLC ("Baker Hughes") (misidentified as Baker Hughes Pipeline Management Group, Inc.) moves for dismissal of Plaintiffs' Second Amended Complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, Baker Hughes shows as follows:

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Plaintiffs' claims against Baker Hughes should be dismissed because their Second Amended Complaint contains no factual allegations showing that Baker Hughes employed any of them. As the Court is aware, Plaintiffs filed this case over a year ago against RDL Energy Services, LP ("RDL") on behalf of themselves and similarly situated individuals, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. After securing leave from the Court, Plaintiffs subsequently filed a Second Amended Complaint adding Baker Hughes, Weatherford U.S., LP ("Weatherford"), and Greene's Energy Group, LLC ("Greene's") as defendants. The purported basis for the amendment was that Baker Hughes and the two additional defendants were Plaintiffs' "joint employers" under the FLSA. However, Plaintiffs'

claims against Baker Hughes are based on a single conclusory allegation – that Baker Hughes and the other new defendants "are joint employers under the Fair Labor Standards Act and control and direct the activities of the various Plaintiffs." (Doc. 24 at ¶ 20)  This allegation wholly fails to satisfy the Plaintiffs' pleading requirements, and the claims against Baker Hughes should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Furthermore, the Court should not grant the Plaintiffs leave to file yet another amended complaint.  The amended pleadings deadline has long since expired in this case, meaning that to (again) amend their complaint, Plaintiffs would have to establish "good cause" under Rule 16(b)(4).  Here, the Court has already allowed Plaintiffs the opportunity to amend their complaint to state claims against Baker Hughes.  Not only did Plaintiffs fail to do so, but they did not even identify which among them, if any, was supposedly employed by Baker Hughes.  Plaintiffs' claims against RDL remain in this case, and there is no good cause to allow Plaintiffs to file yet another amended complaint in an attempt to state viable claims against Baker Hughes.  Plaintiffs' claims against Baker Hughes should be dismissed with prejudice.

## NATURE AND STAGE OF THE PROCEEDING

On July 11, 2014, Plaintiffs filed this wage-and-hour lawsuit against RDL on behalf of themselves and similarly situated individuals. (Original Complaint, Doc. 1.)  On November 6, 2014, the Court issued a Scheduling Order and set a deadline of February 6, 2015 to file amended pleadings and to add new parties.  On that deadline, Plaintiffs filed a Motion for Leave to File Second Amended Complaint to Join Additional Parties ("Motion for Leave"), seeking to join two additional plaintiffs and Baker Hughes, Weatherford, and Greene's as defendants to this lawsuit.  (Plaintiffs' Motion for Leave, Doc. 16; Proposed Second Amended Complaint, Doc. 16-1.)  Plaintiffs asserted in their Motion for Leave that RDL identified the additional defendants as

entities for which Plaintiffs had performed work, and based on RDL's earlier-served discovery responses, Plaintiffs "believed that the Proposed Additional Defendants acted as joint employers of Plaintiff . . . ." (Doc. 16 at ¶ 1-2.)

On February 26, 2015, while Plaintiffs' Motion for Leave for leave remained pending – and before Baker Hughes and the other new defendants had even been added to the case or had an opportunity to appear – Plaintiffs filed a Motion to Conditionally Certify FLSA Collective Action and Send Notice to the Class ("Motion for Conditional Certification"). (Motion for Conditional Certification, Doc. 18.) Plaintiffs requested that it be allowed to send notice to the proposed class and allowed to "supplement [the] Motion at such time as Plaintiffs' Motion for Leave to File its Second Amended Complaint is granted" to include Baker Hughes and the two additional defendants. (*Id.* at 1.)

On March 5, 2015, the Court granted Plaintiffs' Motion for Leave and Plaintiffs' Second Amended Complaint was filed that day. (Order Granting Motion for Leave, Doc. 23; Second Amended Complaint, Doc. 24.) The allegations against Baker Hughes consisted of a single sentence that was totally conclusory and threadbare: "Baker Hughes, Weatherford, and Greene's are joint employers under the Fair Labor Standards Act and control and direct the activities of the various Plaintiffs." (Doc. 24 at ¶ 20.) The Plaintiffs did not identify which, if any of them, had supposedly been employed by Baker Hughes.

On June 16, 2015, the Court denied Plaintiffs' Motion for Conditional Certification without prejudice as premature, correctly noting that it "makes no sense to go forward with a motion for class certification that does not cover all Defendants." (Order Denying Motion for Conditional Certification, Doc. 44.) The Court further granted Plaintiffs leave to file an amended motion that includes all Defendants. Plaintiffs have not done so.

3

## ISSUES TO BE RULED ON BY THE COURT

The issues before the Court are:

(1) Whether Plaintiffs have pled a plausible claim for relief against Baker Hughes as a supposed "joint employer"; and

(2) Assuming not, whether Plaintiffs' Second Amended Complaint should be dismissed with prejudice on the ground that Plaintiffs cannot show "good cause" under Rule 16(b)(4), as would be required to amend the Complaint (again) well after the Court's amended pleadings deadline.

## ARGUMENT & AUTHORITIES

**A.  Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must: (1) assert a plausible claim; and (2) set forth sufficient factual allegations to support the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to claimant. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal,* 556 U.S. at 678. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . . ." *Rios v. City of Del Rio, Texas,* 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied,* 549 U.S. 825 (2006).

Applying these standards, the Courts in this district have routinely dismissed FLSA "joint employer" allegations that fail to state facts showing the existence of the joint employment relationship. *See, e.g.*, *Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.) (dismissing plaintiffs' FLSA claims against two defendants because plaintiffs failed to assert any factual allegations supporting economic realities test and noting general references to "defendants'" actions were not enough); *Oberc v. BP PLC, et al.*, No. 4:13-CV-01382, 2013 WL 6007211 (S.D. Tex. Nov. 13, 2013) (Hoyt, J.) (finding that there was a "dearth of facts" showing that any entity other than the contractor maintained employment records, and the plaintiff "almost exclusively base[d] his claim on bald assertions and legal conclusions"); *Escobedo v. Metal Protective Coating Professionals, Inc.,* No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (plaintiff failed to plead "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [four] defendants . . . [or] how [their] employment was handled generally"); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J.) (granting motion to dismiss due to plaintiffs' failure to set forth facts to support showing that each defendant was his employer); *Lee v. Dish Network, L.L.C.*, No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.) (granting motion to dismiss on joint employer issue where plaintiffs failed to allege adequate facts to support allegation that defendants were joint employers); *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) (Miller, J.) (granting motion to dismiss because Plaintiffs had not "offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA").

### B.     Plaintiffs Fail to Plead a Plausible Claim for Relief Against Baker Hughes as an Alleged "Joint Employer."

In cases where a plaintiff alleges to be employed by more than one employer, as Plaintiffs allege here, courts apply the multi-factor "economic realities" test to determine whether an employer-employee relationship exists between the parties. *See, e.g.*, *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012); *see also Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014).[1]  To survive a motion to dismiss as to joint employment allegations, "some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Kaminski*, 2010 WL 4817057, at *2.

Plaintiffs' sole allegation regarding Baker Hughes' joint employer status is as follows:

> "Baker Hughes, Weatherford, and Greene's are joint employers under the Fair Labor Standards Act and control and direct the activities of the various Plaintiffs."

(Doc. 24 at ¶ 20.)

This conclusory allegation falls woefully short of stating facts sufficient to show a plausible right to relief. It contains nothing specific to the alleged relationship between the Plaintiffs and Baker Hughes, and certainly does not suggest that any of the "economic realities" factors are present here. Plaintiffs do not even allege which, if any of them, supposedly worked for Baker Hughes. Instead, all of the factual allegations regarding the Plaintiffs' employment relationships focus on Defendant RDL.

As noted above, courts in the Southern District of Texas have dismissed FLSA joint-employer claims when the plaintiff fails to plead facts plausibly suggesting an employment relationship. For example, in *Oberc,* the plaintiff was an attorney who was retained by a third-

---

[1]     The factors include whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray*, 673 F.3d at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)).

6

party contractor to assist in reviewing documents related to litigation against BP. *Oberc*, 2013 WL 6007211, at *1. Oberc alleged that BP was his employer in addition to the third-party contractor. *Id*. The court dismissed the Oberc's claims against BP because he failed to adequately plead facts showing that BP was a joint employer. *Id.* at *6. Specifically, the court determined that Oberc only alleged discussions with the contractor, and not BP, regarding hiring and firing. *Id.* In addition, the court explained there was a "dearth of facts" showing that any entity other than the contractor maintained employment records, and the plaintiff "almost exclusively base[d] his claim on bald assertions and legal conclusions." *Id.* As a result, the court dismissed Oberc's claims against BP with prejudice. *Id*.

And in *Escobedo*, the plaintiff filed a wage-and-hour lawsuit against two defendants, alleging violations of the FLSA and that he was employed by both defendants. *Escobedo*, 2013 WL 6504675 at *1. The court dismissed Escobedo's claims under Rule 12(b)(6) because he did not furnish the court with "*any* factual allegations as to which [d]efendant did what." *Id*. at *2 (citing *Kaminski*, 2010 WL 4817057 at *2). The court noted that Escobedo's complaint lacked factual allegations as to how the events giving rise to the lawsuit were allocated between the two defendants. *Id*. at *2. For instance, Escobedo did not allege "who forced him to work in excess of forty hours per week" and failed to "describe how his employment was handled generally." *Id*. The court further explained that Escobedo offered "nothing in the way of who hired him or had the ability to fire him, who supervised and controlled his schedule and day-to-day duties, who determined what, how, and when he was paid, and the like." *Id*. Due to Escobedo's pleading deficiencies, the court was unable to infer that either defendant was his employer and dismissed his claims. *Id*.

Here, Plaintiffs' Complaint literally contains no factual allegations regarding their alleged employment relationship with Baker Hughes. Accordingly, Plaintiffs fail to state a claim against Baker Hughes for violations of the FLSA and their Complaint should be dismissed.

**C.    Because Plaintiffs Cannot Show Good Cause for Any Additional Amendments, Plaintiffs' Second Amended Complaint Should Be Dismissed With Prejudice.**

    **1.    Because the Scheduling Order's amended pleadings deadline has passed, Rule 16(b)(4)'s good-cause standard governs the Court's determination on whether Plaintiffs should (again) be granted leave to amend.**

Federal Rule of Civil Procedure 16(b)(4) governs the amendment of pleadings after the amendment deadline in a scheduling order has passed. *Fahim v. Marriot Hotel Servs, Inc.,* 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 536-37 (5th Cir. 2003). Rule 16(b)(4) requires the party seeking to amend its pleading to show good cause to modify the scheduling order. *See Fahim,* 551 F.3d at 348; *In re Enron Corp. Sees., Derivative & ERISA Litig.,* 610 F. Supp. 2d 600, 652 (S.D. Tex. 2009) (Harmon, J.) (noting Rule 16(b)(4)'s more restrictive standard governed court's consideration of plaintiff's right to file amended complaint because deadline for amending pleadings in scheduling order had expired).

To determine whether good cause exists, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *In re Enron Corp*, 610 F. Supp. 2d at 652. While the courts assess these factors holistically, the good cause requires the party seeking relief to show that the deadlines could not have been met despite the party's diligence. *See Id*. (citation omitted).

8

### 2. Plaintiffs cannot meet Rule 16(b)(4)'s "good cause" standard.

The Plaintiffs have already filed three different complaints in this case, and have now had more than sufficient time and ability to plead facts that demonstrate a joint employment relationship between them and Baker Hughes. Yet their Second Amended Complaint – for which they sought leave to file – not only fails to allege any facts in support of such a relationship, but it does not even identify the Plaintiffs, if any, who supposedly worked for Baker Hughes. Plaintiffs' lack of diligence is further underscored by the fact that although the Court denied their motion for conditional certification without prejudice on June 16, 2015 because it had been filed prematurely, Plaintiffs still have not filed an amended motion encompassing Baker Hughes.

There is no good cause under Rule 16(b)(4) to allow further amendment. Whatever facts (if any) that Plaintiffs believe support their claims against Baker Hughes plainly were within their possession at the time they sought to add Baker Hughes as a defendant. Applying the relevant factors, there is no reasonable explanation for Plaintiffs' failure to plead facts supporting their claims against Baker Hughes; Plaintiffs have already asserted claims against their employer, RDL, and thus additional amendment is of minimal importance; and no further delay is warranted. This Court and other courts have often denied leave to amend in similar circumstances. *See, e.g.*, *AutoZone Texas, L.P. v. H.D.N. Corp.*, No. 4:12-CV-03723, 2014 WL 3543725, at *3 (S.D. Tex. July 14, 2014) (Harmon, J.) (noting court's broad discretion to expedite pretrial procedures to preserve integrity and purpose of pretrial motions and maintain court efficiency and, thereby, refusing to allow untimely amendment due to party's failure to demonstrate good cause under Rule 16(b)(4)); *Slocum v. Livington*, No. 4:11-CV-00486, 2012 WL 2088953, at *15 (S.D. Tex. June 8, 2012) (Harmon, J.) (refusing to allow late amendment

under Rule 16(b)(4) where plaintiffs failed to show amended pleadings deadline could not reasonably have been met); *Texas Sales & Mktg., Inc. v. Distinctive Appliances, Inc.*, No. 4:05-CV-03555, 2007 WL 399292, at *2 (S.D. Tex. Jan. 31, 2007) (Harmon, J.) (refusing to allow late amendment to complaint under Rule 16(b)(4) seven months after expiration of deadline for filing motions for leave to amend pleadings); *Brown v. Kastle Sys. of Texas LLC*, No. 4:08-CV-02888, 2009 WL 3100964, at *3 (S.D. Tex. Sept. 23, 2009) (Rosenthal, J.) (refusing to allow late amendment to complaint due to plaintiff's failure to show good cause under Rule 16(b)(4)); *Lowery v. Ocwen Loan Servicing, LLC*, No. 4:13-CV-03647, 2015 WL 459263, at *2 (S.D. Tex. Feb. 3, 2015) (Atlas, J.) (refusing to allow second amended complaint under Rule 16(b)(4) due plaintiff's failure to demonstrate good case for not complying with court's amendment deadline).

## CONCLUSION

For the foregoing reasons, Baker Hughes respectfully requests that the Court dismiss Plaintiffs' claims with prejudice. A proposed Order is attached.

Respectfully submitted,

*/s/ Michael J. Muskat*
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

**ATTORNEYS FOR DEFENDANT
BAKER HUGHES PROCESS AND
PIPELINE SERVICES LLC**

OF COUNSEL:

DEANDREA C. WASHINGTON
State Bar No. 24070814
S.D. Tex. Bar No. 1057772
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

## CERTIFICATE OF SERVICE

This is to certify that on August 3, 2015, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael J. Muskat*
COUNSEL FOR DEFENDANT