## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ALFONSO TREVIÑO, MARVIN "RICK"** | § | |
| **CLARK, MARVIN R. CLARK, III, CHANCE** | § | |
| **WINFREY, EDWIN KISER, JONATHON** | § | |
| **LARA, FORREST IRA CHANIK, MICHAEL** | § | |
| **GRAY, MARK JANECEK, ISAIAH GUNTER,** | § | |
| **RAMON MIER, JEREMY SANCHEZ** | § | |
| **Individually and on** | § | **CIVIL ACTION NO. 4:14-CV-01936** |
| **Behalf of All Persons Similarly Situated** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VS.** | § | |
| | § | |
| | § | |
| **RDL ENERGY SERVICES, LP, ET. AL.** | § | |

### PLAINTIFFS' RESPONSE TO BAKER HUGHES' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Alfonso Treviño ("Treviño"), Marvin "Rick" Clark ("Rick Clark"), Marvin R. Clark, III ("Marvin Clark"), Chance Winfrey ("Winfrey"), Edwin Kiser ("Kiser"), Jonathon Lara ("Lara"), Forrest Ira Chanik ("Chanik"), Michael Gray ("Gray"), Mark Janecek ("Janecek"), Isaiah Gunter ("Gunter"), Ramon Mier (Mier), and Jeremy Sanchez ("Sanchez") by and through their undersigned counsel, individually and on behalf of all persons similarly situated, files this their Response to Baker Hughes' Motion to Dismiss, and would show the Court as follows:

### PROCEDURAL BACKGROUND

1.      On July 30, 2014, Plaintiffs filed their First Amended Complaint without leave of Court and prior to Defendants Original Answer.  (First Amended Complaint, Doc. 4). Plaintiffs' First Amended Complaint did not change any of the allegations in the Complaint, but instead was done for the sole purpose of adding new plaintiffs—an act that could have

been accomplished with a Notice of Opt-In, but that was nevertheless accomplished through a new Complaint.

2.      On January 14, 2015, Defendant served discovery responses to Plaintiffs' Discovery Requests.  In those discovery responses, Defendant named some of the entities in which the various Plaintiffs in this lawsuit performed work at the direction of Defendant, and those entities.   The names provided by Defendant are Baker Hughes Pipeline Management Group, Inc. ("Baker Hughes"), Weatherford, U.S., L.P. ("Weatherford"), and Greene's Energy Group, LLC. And ("Greene's").  On February 6, 2015, Plaintiffs Requested Leave to Amend its Petition to allege violations against Baker Hughes, Weatherford, and Greene's.  (Motion for Leave, Doc. 16, and Second Amended Complaint, Doc. 16-1).  The Request and corresponding Second Amended Petition were filed on the deadline to seek leave to amend pleadings and join new parties ("February 6, 2015).

3.      On March 5, 2015, the Court granted Plaintiffs Leave to File its Second Amended Complaint, and Plaintiffs' Second Amended Complaint that was filed with the Court on February 6, 2015 was accepted by the Court.  (Order Granting Motion for Leave, Doc. 23, and Seconded Amended Complaint, Doc. 24).  Plaintiffs' Second Amended Complaint raised basic factual allegations determined for the first time in discovery responses received by RDL two weeks before the deadline to join parties about the joint employer status of Baker Hughes, Weatherford, Greene's and RDL.

4.      On March 26, 2015, RDL admitted in its Answer to Plaintiffs' Second Amended Complaint that Baker Hughes, Weatherford, and Greene's were Joint Employers. (RDL's Amended Answer, Doc. 32)   Baker Hughes and Weatherford answered and became parties to this lawsuit on April 30, 2015 and Greene's answered and became part of this

lawsuit on May 8, 2015.  (Baker Hughes' Answer, Doc. 36, Weatherford's Answer, Doc. 38, and Greene's Answer, Doc. 41).  Thereafter, the parties engaged in discovery to obtain the basic evidence to support its claims against the new defendants.

5.      On August 3, 2015, Baker Hughes filed a Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6).  (Baker Hughes Motion to Dismiss, Doc. 46).

### STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER RULE 12(B)(6)

6.      Motions to Dismiss under Federal Rule of Civil Procedure 12(B)(6) are viewed with disfavor and are rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)(citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir.2009)).  A plaintiff's complaint must be liberally construed in their favor, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  However, the plaintiff's complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, L.Ed.2d 868 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir.2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal* at 678.  The court's task is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)(en banc).

### PLAINTIFFS PLEAD SUFFICIENT FACTS
### AT THIS STAGE TO SURVIVE A MOTION TO DISMISS

7.      The Fair Labor Standards Act ("FLSA") includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  *See* 29 U.S.C. §

203(d).  The term "employer" has been determined by the courts to include the term joint employers.  *See Salinas v. Rodriguez*, 963 F.2d 791, 793 (5th Cir. 1992)(citing 29 C.F.R. § 791.2).  "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers."  *Parker v. ABC Debt Relief, Ld., Co.*, 2013 WL 371573, 4 (N.D.Tex. Jan.28, 2013)(citing 29 C.F.R. § 791.2(a)).  When making a decision regarding joint employment status courts consider the totality of the circumstances and focus on the "economic realities of the particular employment relationship."  *Id*.  Courts consider the following four factors: "(1) whether the employment takes place on the premises of the company, (2) how much control the company exerts over the employees, (3) whether the company has the power to fire, hire, or modify the employment condition of the employees, (4) whether employees perform a 'specialty job' within the production line, and (5) whether the employees may refuse to work for the company or work for others."  *Id*. (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)).

8.      Baker Hughes cites one paragraph in Plaintiffs' Second Amended Complaint, Paragraph 20, alleging that it is the only statement concerning joint employment status.  However, liberally construing the pleadings in favor of Plaintiffs reveals additional facts that make the totality of the pleadings sufficient to survive dismissal under Rule 12(B)(6).  Baker Hughes also makes reference to the fact that Plaintiffs have yet to move for conditional certification against Baker Hughes.  While such an argument has no bearing on a 12(B)(6) motion or the analysis thereof, Plaintiffs are in the process of filing such a motion to address the parties that have been added.

9.    Paragraphs 3 through 13 describe that the Plaintiffs were employed as non-exempt day rate employees with RDL.  (Second Amended Complaint, Doc. 24, at ¶¶ 3 -13). Paragraph 19 states that RDL is a staffing company that "provides workforces to oil and natural gas exploration and production company ... through the United States, including this judicial district.  Such companies include ... Baker Hughes, Weatherford, and Greene's." (Doc. 24 at ¶ 19).  Based on these facts, it is apparent that the Plaintiffs were provided to Baker Hughes, Weatherford, and Greene's to perform work on the premises of those companies, establishing prong one of the economic realities test.

10.    Once the employees are farmed out to the various companies including Baker Hughes, Baker Hughes "control(s) and direct(s) the activities of the various Plaintiffs" that are farmed out to them.  (Doc. 24, at ¶20).  Not only do these facts establish that Baker Hughes was an employer of Plaintiffs by definition, but they also establish prong 2 of the economic realities test as it states the facts that Baker Hughes controls and the activities of the Plaintiffs at their premises.  Exactly how much control will be determined through a factual inquiry in the discovery process, which is ongoing.

11.    Paragraph 23 goes on to establish that the day rate employees that work for RDL (and whom are actually farmed out to Baker Hughes since RDL is a staffing company), are "primarily engaged in manual labor and other non-exempt work duties, including, for example, unloading, handling, hooking up and maintenance of oil and gas drilling equipment, such as fluid lines and air compressors."  (Doc. 24, ¶23).  Paragraph 23 goes further to state that "RDL lends these day rate employees, like Plaintiffs to companies such as Baker Hughes."  It is clear from these facts, that Baker Hughes was an employer ("acting directly or indirectly in the interest of an employer in relation to an employee"), but it also

establishes that Plaintiffs performed specialty work in conjunction with prong 4.  (Doc. 24, ¶23).

12.     Paragraph 26 establishes that Plaintiffs often worked in excess of forty hours per week each week, and in some instances twelve hours per day, seven days per week, on average.  (Doc. 24, at ¶26).  Paragraph 26 does not limit this factual allegation to RDL, meaning that read liberally, it states that Plaintiffs worked in excess of forty hours for all of the employers depending on which assignment they were on, including Baker Hughes.

13.     Paragraphs 27 and 28 also state facts concerning Plaintiffs' employment by Baker Hughes, in that they were not compensated for hours worked over forty hours per work-week and received a misclassified per diem when working on land projects.  (Doc. 24, at ¶¶27 and 28).

14.     While Plaintiffs do not state specific facts describing Baker Hughes' ability to hire, fire, or modify the terms and condition of their work, or whether they may refuse to work for Baker Hughes, or work for others, the pled facts do imply such things.  Per paragraphs 19 and 23, Plaintiffs are part of the workforce that is sent out to Baker Hughes, with no choice of where they are sent, or what work they perform.  Additionally, it is clear from the facts that if Baker Hughes is accepting such employees to perform work on their premises, then they have the ability to modify the terms of their work and send them home.

15.     Based on the facts set forth above, and plead in Plaintiffs' Second Amended Complaint, Plaintiffs have met the minimum standards for stating a claim under the relevant case law and have shown that it is plausible that Baker Hughes was a joint employer of Plaintiffs.  As discovery continues, Plaintiffs will be able to establish more facts

concerning the direction and control exerted by Baker Hughes and the other joint employers.

## ADDITIONAL FACTS TO SUPPORT
## JOINT EMPLOYER STATUS SHOULD AMENDMENT BE NECESSARY

16.     Should additional facts be needed by amendment to establish Baker Hughes is a joint employer, Plaintiffs direct the Court to the facts stated herein.  Plaintiffs were working for the benefit of Baker Hughes (and the other joint employers), Baker Hughes controlled the means of work, provided the tools for the work, trained the Plaintiffs on their job duties, supervised Plaintiffs' job duties, reported which Plaintiffs worked for them and when to RDL, and tracked the days that Plaintiffs showed up to work for them all while reporting it back to RDL.  At all times, Plaintiffs were either off shore or on land on rigs owned by Baker Hughes and the other joint employers and were exclusively disposable only to the particular Defendants, including Baker Hughes.  Baker Hughes controlled the amount that Plaintiffs were paid by negotiating with RDL their day rate based on resumes and job skills.  Baker Hughes would also request background checks and drug tests for the Plaintiffs.  In addition, all Plaintiffs except one worked for Baker Hughes from as far back as 2007.

17.     In addition to these facts, RDL has admitted to Baker Hughes being a joint employer of Plaintiffs.  (RDL's Amended Answer, Doc. 32).

## STANDARD FOR AMENDMENT TO PLEADINGS SHOULD THE
## COURT DEEM THE FACTS PLEAD ARE INSUFFICIENT UNDER RULE 12(B)(6)

18.     In the event that the Court determines that it did not, Plaintiffs' respectfully request that it be given the right to amend its complaint to set forth additional factual

allegations against Baker Hughes to satisfy any doubts about the allegations of Baker Hughes' joint employer status with RDL.

19.     Per the Scheduling Order entered on November 6, 2014, the deadline to amend pleadings and join additional parties expired on February 5, 2015, nearly 3 months before Baker Hughes, Weatherford, and Greene's became parties to this lawsuit. Nevertheless, since this Motion for Leave is sought after the expiration of the deadline in the Scheduling Order, the Court must evaluate the motion for leave under Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure.  *S&W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir.2003).  Only upon the movant's demonstration of good cause to modify the scheduling order pursuant to Rule 16(b) will the more liberal standards of 15(a) apply to the decision to grant or deny leave.  *Id.; see also Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir.2008).

20.     In order to show good cause under Rule 16(b) the court should consider the following factors:  1) the explanation for the failure to timely move for leave to amend; 2) the importance of the amendment; 3) the potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice.  *Fahim,* 551 F.3d at 348; *S&W Enters.*, 315 F.3d at 535-36.

21.     The reason for the failure to timely move for leave to amend is two-fold.  One, the deadline to amend expired three months prior to Baker Hughes being added as a party. As such, any amendments to its Complaint with respect to allegations raised against Baker Hughes will automatically be untimely.  Two, while Plaintiffs did not anticipate a need to amend its Complaint, in light of the pending Motion to Dismiss by Baker Hughes, should the court grant Baker Hughes' Motion to Dismiss, Plaintiffs will out of necessity need to amend

its Complaint to add additional factual allegations and cure any defects the Court may determine exist.  Had Baker Hughes been named as a party when this lawsuit was initially filed on July 11, 2014, any amendments made in response to Motion to Dismiss would have been done well within the February 6, 2015 amendment deadline.

22.    The second of the Rule 16(b) factors is the importance of the amendment. Should the Court rule in Favor of Baker Hughes' Motion to Dismiss, the amendment will be of even greater importance. Plaintiffs will be precluded from pursuing claims against an entity that even RDL believes was a joint employer of Plaintiffs.  Without granting an amendment to plead additional facts in support of its joint employer claim, Plaintiffs will be forced to continue against RDL, an employer who admittedly does not have all of the information concerning Plaintiffs' work schedules and work duties.  In light of the pending Motion to Dismiss, any amendment is of utmost importance should the Motion be granted.

23.    The third and fourth factors, potential prejudice and availability of a continuance both weigh in favor of allowing the amendment.  Baker Hughes has been a party to this lawsuit for three months and aside from propounding discovery has not done anything that would result in prejudice to them if the amendment were allowed.  In fact, Baker Hughes has failed to respond to discovery from Plaintiffs on the grounds that it has a pending Motion to Dismiss, meaning that they cannot even argue waste of expenses in litigating this matter.  Given the relatively "early" nature of the proceedings, Baker Hughes is not even prejudiced by a pending discovery deadline which is not until January 15, 2016, or a Summary Judgment deadline which is not until April 15, 2016.  Furthermore, trial is not set in this case until more than a year from now on September 12, 2016.  Nevertheless,

should a continuance be need to prevent prejudice, Baker Hughes would be given even more than the year before trial to prepare its defense to an amendment.

24.     Based on the above four factors, Plaintiffs believe that it has shown sufficient cause to amend its pleadings in this case.  *Fahim,* 551 F.3d at 348; *S&W Enters.*, 315 F.3d at 535-36.

25.     After establish good cause, the court should next evaluate the Motion for Leave under the more lenient standard under Rule 15(a).  Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should "freely give leave" for a party to amend the pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  While the request is within the sound discretion of the court, the request should not be denied under Rule 15(a) "unless there is a substantial reason to do so."  *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).  According to *Stripling v. Jordan Prod. Co., LLC*, Rule 15(a) "evinces a bias in favor of granting leave to amend."  234 F.3d 863, 872 (5th Cir. 2000) (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).  Courts look to whether there is evidence of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance, and futility of the amendment."  *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83. S.Ct. 227, 9, L.Ed.2d 222 (1962)).

26.     There is no evidence in this case to show undue delay, bad faith or dilatory motives on the part of Plaintiffs.  Plaintiffs' previous amendments have not been done to correct deficiencies.  Plaintiffs' First Amended Complaint was made to add additional

Plaintiffs and Plaintiffs' Second Amended Complaint was made to add Baker Hughes and additional Defendants based on information received in discovery.  Considering the relatively early nature of the proceedings and the fact that trial is not set for another year, Baker Hughes will not be unduly prejudiced by allowance of an amendment.  Based on the discovery received and the fact that RDL also believes that Baker Hughes is a Joint Employer, Plaintiffs believe that the amendment is not futile.

27.    Plaintiffs also argue that should the Court grant Baker Hughes' Motion to Dismiss, that it should allow the amendment to cure any defects.  "When a plaintiff's complaint fails to state a claim, the court should generally giver the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 304, 329 (5th Cir. 2002).  Plaintiffs are often given "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *See also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification … is considered an abuse of discretion.")(internal citation omitted).  An amendment would not be futile in this case because facts exists, as set forth above, that are sufficient to establish that Baker Hughes was a joint employer of Plaintiffs in this case.

## CONCLUSION

28.    For these reasons, Plaintiffs believe that Baker Hughes' Motion to Dismiss should be denied.  Should the court believe that Plaintiffs have failed to plead sufficient

Plaintiffs' Response to Baker Hughes'
Motion to Dismiss                                                                           11

facts to establish that Baker Hughes was a joint employer, Plaintiffs respectfully request that leave be granted to File Plaintiffs' Third Amended Complaint.

WHEREFORE, Plaintiffs requests the Court deny Baker Hughes' Motion to Dismiss, enter an Order denying Baker Hughes's Motion to Dismiss, and for such further orders as may be just and appropriate.

Respectfully submitted,

By: **/s/ Jeremy D. Saenz**_____
       Jeremy D. Saenz
       Attorney-In-Charge
       jsaenz@wsdllp.com
       State Bar No. 24033028
       Federal Bar No. 36212
       1010 Lamar
       Suite 425
       Houston, Texas 77002
       Telephone:   (713) 554-8450
       Facsimile:    (713) 554-8451

OF COUNSEL:

**WAGNER SÁENZ DORITY, L.L.P.**
Jason Wagner
jwagner@wsdllp.com
State Bar No. 00795704
Federal Bar No. 20325
1010 Lamar
Suite 425
Houston, Texas 77002
Telephone:   (713) 554-8450
Facsimile:    (713) 554-8451

ATTORNEYS FOR PLAINTIFFS

By: **/s/ Luisa F. Calderon**_____
       Luisa F. Calderon
       lcalderon@calderonfirm.com
       State Bar No. 24072018
       Federal Bar No. 1448708
       1601 Westheimer Road

Houston, Texas 77006
Telephone:     (832) 701-0942
Facsimile:     (281) 364-7947

OF COUNSEL:

**THE CALDERON FIRM**
1601 Westheimer Road
Houston, Texas 77006
Telephone:     (832) 701-0942
Facsimile:     (281) 364-7947

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of a duplicate of the above and foregoing Plaintiffs' Response to Baker Hughes' Motion to Dismiss has been served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic or electronic document transfer on the 24th day of August, 2015.

William J. Wisdom/James M. Clearly, Jr./David J. Quan
Martin Disiere Jefferson & Wisdom
808 Travis Street, 20th Floor
Houston, Texas  77002
Facsimile:  (713) 222-0101
*(Attorneys for RDL)*

Michael J. Muskat/DeAndrea C. Washington
Muskat, Martinez & Mahoney, LLP
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Facsimile:  (713) 987-7854
*(Attorneys for Baker Hughes)*

Robert L. Ivey
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002
Facsimile:  (713) 655-0020
*(Attorneys for Greene's)*

David B. Jordan
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77002
Facsimile:  (713) 951-9212
*(Attorneys for Weatherford)*

*/s/Jeremy D. Saenz*_____
Jeremy Saenz/Jason Wagner/Luisa Calderon