United States District Court
Southern District of Texas
**ENTERED**
March 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFONSO TREVINO, et al., | § | |
| Individually and On Behalf of | § | |
| All Persons Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civ. A. H-14-1936 |
| | § | |
| RDL ENERGY SERVICES, L.P., | § | |
| BAKER HUGHES PIPELINE | § | |
| MANAGEMENT GROUP, INC., | § | |
| GREENE'S ENERGY GROUP, LLC, and | § | |
| WEATHERFORD U.S., L.P., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, brought by Plaintiffs who were at varying times employed as non-exempt day-rate employees with Defendant RDL Energy Services, L.P., a Texas staffing corporation operating throughout the United States, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seeking unpaid overtime compensation and reimbursement of expenses incurred on the employer's behalf for sums spent for the convenience of the employer under 29 C.F.R. § 778.217, are the following motions:

(1) Defendant Greene Energy Group, LLC's ("Greene's") motion to dismiss Plaintiffs' Third Amended Complaint[1] pursuant to Fed. R. of Civ. Proc. 12(b)(6) (instrument #131);

(2) Defendant RDL Energy Services, LP's ("RDL's") motion

---

[1] Instrument #61.

for clarification and/or reconsideration of Opinion and Order,[2] alternatively motion for leave to file a further amended answer, or motion to certify pursuant to 28 U.S.C. § 1292(b) and stay case (#133); and

(3) RDL's motion for leave to file its motion to dismiss and or for summary judgment (#134).

Because the Court vacated the docket control schedule on August 23, 2016 (#138), stating it would reset the schedule after the Court resolved the pending motions, if appropriate, the circumstances motivating these motions in part have changed.

### I.  Greene's Motion to Dismiss (#131)

Greene's motion to dismiss the Third Amended Complaint rests on the same allegations, case law, and analysis that the Court applied when it dismissed Defendants Baker Hughes Process and Pipeline Services, LLC and Weatherford U.S., LP, alleged joint employers along with Greene's of Plaintiffs, under Rule 12(b)(6). *See* #130, entered on July 21, 2016.  Greene insists the Third Amended Complaint contains no factual allegations plausibly showing that Greene employed any of them under the applicable, multi-factor "economics realities" test[3] to determine whether an employer-employee relationship exists between the parties and then to make out a facially plausible claim of multiple employer liability under the FLSA.

In response, Plaintiffs emphasize that the dispositive motion

---

[2] #130.

[3] *See* the Court's Opinion and Order (#130) at pp. 14-16.

deadline was June 1, 2016 and that Greene did not file the instant Rule 12(b)(6) motion to dismiss until July 25, 2016, one month before trial was set at the time, nor did it seek leave of Court to do so.  Should the Court allow Greene to file the motion, it should still be denied because Plaintiffs have met the *Twombly/Iqbal* pleading standard of fair notice of their joint appointment and facts that satisfy the standards of the economic realities test. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  For example Plaintiffs plead that RDL "provides workforces to oil and natural gas exploration companies" (#61 at ¶ 20), that "Baker Hughes, Weatherford, and Greene's controlled means of the work, provided the tools for the work, trained the Plaintiffs on their job duties, supervised Plaintiff's job duties, reported to RDL which Plaintiffs worked for them and when, and tracked the days that Plaintiffs showed up to work for them all the while reporting it back to RDL," and that "Defendants controlled the amount that Plaintiffs were paid by negotiating with RDL their day-rate."  *Id.* at ¶ 25.

Greene replies that as with the Court's dismissal of Baker Hughes and Weatherford, the Third Amended Complaint fails to plead any facts specific to Greene that would establish that Greene was a joint employer under the FLSA.  Greene also complains that Plaintiffs contend that Greene makes three "misguided" arguments: (1) Greene waived its opportunity to file a 12(b)(6) motion; (2) the dispositive deadline bars the filing of Greene's 12(b)(6) motion; and (3) the conclusory statement in their Third Amended

Complaint sufficiently pleads joint employment.   Regarding the first contention, Greene claims that a Rule 12(b)(6) motion has no deadline, and relief under a failure to state a claim cannot be "waived."   In footnote 29 of its Opinion and Order, the Court erroneously stated, "Unlike Baker Hughes and Weatherford, Greene[] did not file a motion to dismiss under Rule 12(b)(6) and thus waived its opportunity to do so."   Rule 12(h)(1) provides that a party can waive defenses listed under 12(b)(2)-(5), but Rule 12(b)(6) is not listed there.   Rule 12(h)(2) states that "failure to state a claim upon which relief can be granted" can be raised in a pleading allowed under Rule 7(a), by motion under Rule 12(c), or "at trial."   Wright & Miller have pronounced that "failure to state a claim upon which relief can be granted . . . [is] preserved from the waiver mechanism by the express terms of subdivision (h)."   11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 1998)(updated April 2016).

As for the second reason, Greene's 12(b)(6) motion is not by definition a dispositive motion because it does not seek a ruling on the merits, because Greene did not attach anything to it that would convert it to a motion for summary judgment under Rule 12(d), and because relief sought under Rule 12(b)(6) may be raised at trial according to Rule 12(h)(2)(C).

Geene also insists that the third contention is wrong because, as this Court has already determined, the Third Amended Complaint fails to state a claim under a joint employer theory.

Greene states that the reason he failed to file a motion to

-4-

dismiss by the deadline was because until the Court issued its Opinion and Order, it was not clear whether Plaintiffs would be permitted to amend their Third Amended Complaint.  Greene now seeks leave to amend and argues granting its motion will not prejudice Plaintiffs  because the pretrial conference has not yet occurred, trial exhibits and witnesses have not yet been identified, motions in limine have not been filed, etc.

The Court finds that because the motion deadline passed long ago and because the merits of the suit should be trial-ready at this point, allowing the filing of a 12(b)(6) motion at this late date would appear to be unfair to Plaintiffs.  Instead, the Court denies Greene's motion to dismiss, but grants Greene leave, if it is able, to file a motion for summary judgment within twenty days of receipt of this Opinion and Order.  If Greene does so, Plaintiffs shall file a timely response, the Court will rule on the motion, and then will set a new pretrial order and trial date if appropriate.

**II.  RDL's Motion for Clarification and/or Partial Reconsideration of Opinion and Order; alternatively, Motion for Leave to File [#130] Second  Amended Answer, or Motion to Certify pursuant to 28 U.S.C. § 1292(b) to Take an Interlocutory Appeal and Stay Case (#133)**

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own motion or "one made by a party either before responding to the pleading or,

if a response is not allowed, within 21 days after being served the the pleading."

RDL seeks clarification and reconsideration to the Court's Opinion and Order striking RDL's affirmative defenses of (1) Motor Carrier Act ("MCA") exemption[4]; (2) FLSA section 13(a) statutory exemptions; (3) good faith reliance on an administrative regulation, order, ruling, approval and interpretation under 29 U.S.C. § 259; (4) good faith reliance on advice of counsel; (5) equitable estoppel; (6) judicial estoppel; and (7) prepayment offset.   The Court also denied Plaintiffs' amended motion to conditionally certify a FLSA collective action and to send Notice to the class.

RDL's motion for clarification first argues that its MCA exemption should not have been stricken because it was one factor that the Court cited for denying Plaintiffs' motion to certify this case as a collective action.[5]   #130 at 78-81.[6]   Moreover the

---

[4] *See* #130 at pp. 33-38.

[5] The Court found that the lengthy and highly individualized analysis that would be required to state an MCA claim against each plaintiff would make a collective action inappropriate.  Its purpose for deciding whether to certify a collective action was very different from its role as an affirmative defense.

[6] The Court wrote,

Regarding the MCA exemption, RDL agrees that at least some of RDL's Plaintiff and putative class member technicians might arguably be subject to this exemption, but determining which ones requires a factually intensive analysis of each individual's particular circumstances and would undermine a primary purpose of FLSA's collective action to efficiently resolve common issues of law and fact that arise from the same conduct. . . . To determine if a particular

Plaintiff is exempt under the MCA, Plaintiffs must show
that those co-Defendants for which each worked are
"joint employers" with RDL within the meaning of the
FLSA, i.e., they must examine each work assignment of a
particular Plaintiff in order to see if his employer
meets the requirements of a joint employer
relationship.   The Court has found that Plaintiffs have
failed to allege facts or provide evidence that they
were joint employers.   Even if they had, if a Plaintiff
is employed by more than one RDL client, and for more
than one assignment, under different terms for
differing periods, the determination whether RDL was
under the jurisdiction of the Secretary of
Transportation will be highly individualized, a
challenge inconsistent with the goal of a collective
action and unsuitable to proceed as a collective
action.   Furthermore the court still has to determine
whether each Plaintiff "engage[d] in activities that
directly affect the operational safety of motor
vehicles in the transport of property in interstate
commerce," in turn requiring analyses of whether (1)
employees belong to a class who engaged in safety-
affecting activities and (2) the employees "could
reasonably have been expected to engage in interstate
commerce consistent with their job duties."   *Allen v.
Coil Tubing Services*, *LLC*, 755 F.3d at 283-84.   Further
complicating the analysis, "where the continuing duties
of the employee's job have no substantial direct effect
on such safety of operation or where such safety-
affecting activities are so trivial, casual and
insignificant at to be de minimis, the exemption will
not apply [to the employee] so long as there is no
change in his duties."   *Id.* at 284, *citing* 29 C.F.R. §
782.2(b)(3).   Not only the nature of the particular
work assignment, but also the percentage of time spent
on safety-affecting duties must be considered.   Finally
a statutory "carve out" from the MCA exemption, created
in the . . . TCA places further restrictions on
employees for exemption from FLSA overtime provisions.
The TCA makes those overtime provisions applicable to
any "covered employee," i.e., to any individual (1) who
is employed by a motor carrier; (2) whose work in whole
or in part, is defined (A) as that of a driver,
driver's helper, loader, or mechanic; and (B) as
affecting the safety of operation of motor vehicles
weighing 10,000 pounds or less in transportation on
public highways in interstate or foreign commerce; and
(3) who performs duties on motor vehicles weighing
10,000 pounds of less.   #76 at p. 20, citing TCA §
306(c), 122 Stat. 1572, 1621.   Thus to decide if the

reliance on counsel affirmative defense should not have been dismissed because RDL's motion for leave to file amended answer (#108) to Plaintiffs' third amended complaint (#120) sought to expand that defense and RDL claims it did so by adding to its original answer the following sentences:  "RDL was further advised by counsel that its manner of paying its technicians was permissible, lawful, and proper.  Relying and acting on such advice, RDL proceeded in good faith in hiring and paying its technicians as such independent contractors."  Furthermore, even though Plaintiffs opposed RDL's motion for leave to file an amended answer (#116), Magistrate Judge Stacy granted the motion (#119), and Plaintiffs did not subsequently claim that the expanded defense violated Federal Rule of Civil Procedure 8(c).

The Fifth Circuit has ruled that "[I]f [an affirmative] defense 'is raised at a pragmatically sufficient time, and the

---

TCA applies, the court must determine "when and how often each Plaintiff individually performed duties with noncommercial vehicles so as to qualify as a 'covered employee.'"  *Allen*, 846 F. Supp. 2d at 705.  *See also Aikins v. Warrior Energy Services*, Civ. A. No. 6:13-CV-54, 2015 WL 1221255, at *5 (S.D. Tex. March 17, 2015)(suggesting that a week-by-week analysis of whether a plaintiff's work met the requirements of the TCA would be necessary).  That evaluation is further burdened by the fact that the pipeline technicians involved here worked for different clients at different times, requiring highly individualized analysis that will show putative class members are not similarly situated and do not qualify for collective action treatment.

The Court rejects RDL's objection because there were  many other reasons, including claims of other Defendants, that the Court denied the request for certification as a collective action and the fact that RDL had pleaded this claim was a factor that had to be considered.

plaintiff was not prejudiced in its ability to respond,'" the Fifth Cir. "'generally will not find the defense is waived.'"  *Solomon v. Spalitta*, 484 Fed. Appx. 883, 884-85 (5th Cir. July 31, 2012); *see also Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)(plaintiffs could not claim surprise when they contested an affirmative defense in pretrial brief); *Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co.*, 612 F.3d 394, 398-99 (5th Cir. 2010)(holding that the failure to plead policy exclusion as an affirmative defense did not result in unfair surprise or prejudice where among other things, it was raised in the joint status report, raised in the designation of expert witnesses, and summary judgment was filed on the applicability of the exclusion).  Not just fair notice, RDL emphasizes that Plaintiffs have had actual notice so they are not prejudiced by unfair surprise.  Similar rulings simply ask whether the issue has been fairly raised by the pleadings, the pretrial order or the trial itself.  RDL has provided numerous examples of such cases.  #133 at pp. 6-16.

RDL asks the Court to reconsider its order striking its affirmative defenses asserting that it acted in good faith in conformity with and reliance on any written administrative regulation, or, ruling, approval, or interpretation, as well as that it had a reasonable reliance on advice of counsel.

The Court refers RDL to pages 8-12 of its Opinion and Order (#130), in which it explained why it applies the fair notice

standard to any affirmative defenses to claims under the FLSA,[7] as opined by the Fifth Circuit in *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999), *reiterated in Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008), rather than the plausibility standard of *Twombly* and *Iqbal*. The question then becomes, what is fair notice? Plaintiffs interpret the "fair notice" as stating that the issues, even when not formally pleaded in a complaint, were conclusorily raised in some pleading or hearing during the course of litigation. (As examples, RDL points out that for the last two years the parties have conducted discovery, including depositions, on RDL's affirmative defenses, so they are not a surprise to Plaintiffs.) The Court's Opinion and Order recognized that prevention of unfair surprise is central to the pleading of affirmative defenses.  #130 at page 9.

As this Court wrote in its Opinion and Order at pp. 8-9,

> Before the issuance of *Twombly* and *Iqbal*, the Fifth Circuit held that affirmative defenses are subject to the same pleading requirements as complaints, i.e., at that time, Federal Rule of Civil Procedure 8's "short plain statement of the claim showing the pleader is entitled to relief." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The *Woodfield* panel continued, "Even though the aim of the relaxed notice pleading of Federal Rule of Procedure 8 is to prevent parties from being defaulted for committing technical errors, a defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.; in*

---

[7] While no Circuit Court of Appeals has decided whether currently the heightened, plausibility standard of *Twombly* and *Iqbal* or the relaxed, "fair notice" requirement of Rule 8(a) applies to the pleading of an affirmative defense, district courts in the Fifth Circuit are divided on the issue.  *See U.S. ex rel. Parikh v. Citizens Medical Center*, 302 F.R.D. 416, 418 (S.D. Tex. 2014)(listing cases on both sides).

*accord, Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). The *Woodfield* panel did "acknowledge that in some cases, merely pleading the name of an affirmative defense . . . may be sufficient." *Id*. "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise. A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). "If the defense 'is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond,'" the Fifth Circuit "generally will not find the defense is waived." *Solomon v. Spalitta*, 484 Fed. Appx. 883, 885-86 (5th Cir. July 31, 2012), *citing, Rogers*, 521 F.3d at 385.

While *Woodfield* required sufficient specificity or factual particularity to give the plaintiff "fair notice," it also noted that in the determining whether fair notice standard is met, the Court "makes this determination through a fact-specific analysis." 193 F.3d at 362.

Thus the Court re-examines each of the affirmative defenses it dismissed, with a focus on whether the plaintiff faces an "unfair surprise," which at times may require the inquiry whether the defense "contain[s] sufficient factual matter," and relevant case law: (1) Motor Carrier Act ("MCA") exemption; (2) FLSA section 13(a) statutory exemptions; (3) good faith reliance on an administrative regulation, order, ruling, approval and interpretation under 29 U.S.C. § 259; (4) good faith reliance on advice of counsel; (5) equitable estoppel; (6) judicial estoppel; and (7) prepayment offset.

A number of cases have concluded that, as with affirmative defenses like waiver, release and unclean hands, the simple listing of estoppel "falls well short of the minimum particulars needed to identify the affirmative defense in question." *Woodfield*, 193 F.3d

at 362.  *See also Software Publishers Ass'n v. Scott & Scott, LP*,
Civ. A. No. 3:06-CV-0949-G, 2007 WL 2325585 at *2 (N.D. Tex. Aug.
2007)(Although some times the naming of the defenses is sufficient,
the "defendants' bald assertions that the plaintiff's claims are
barred, in whole or in part, by the doctrines of waiver, estoppel
and ratification . . . do not provide [plaintiff] with 'fair
notice' of the defenses being advanced"), *citing Reis Robotics USA,
Inc. v. Concept Industries, Inc.,* 462 F. Supp. 2d 897, 907 (N.D.
Ill. 2006)("Laches waiver, estoppel and unclean hands are equitable
defenses that must be pled with specific elements required to
establish the defense."); *Tran v. Thai*, 2010 WL 5232944 at *7 (S.D.
Tex. Dec. 16, 2010)("It is unclear whether the equitable defenses
of waiver, estoppel, unclean hands, and laches are available under
the FLSA."), *citing Ayers v. Consol. Const. Servs. of SW Fla.,
Inc.*, No. 2:07-cv-123, 2007 WL 4181910, at *1-2 (M.D. Fla. Nov. 26,
2006)(granting motion to strike laches and estoppel affirmative
defenses because of "the general rule that an employee cannot waive
her rights under the FLSA without supervision of the Secretary of
Labor or the Court."), and *Perez-Nunez v. North Broward Hosp.
Dist.*, No. 08-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. March 13,
2009 ("The doctrines of waiver, estoppel and laches are generally
not applicable to FLSA claims."); EEOC v. Courtesy Building
Services, *Inc.*, Civ. A. No. 3:10-CV-1911-D, 2011 WL 208408, at *4-5
(N.D. Tex. Jan. 21, 2011)("[T]he [broad] affirmative defenses
pleaded here [waiver and release] are not so narrow that simply
naming the defense gives fair notice of the nature of the defense,

and neither Courtesy's answer nor the EEOC's complaint alleges any facts that could form the basis of a waiver, release, estoppel, or unclean hands affirmative defense" and granting motion to strike defenses.); *Herrera v. JK & HE Business, LLC*, Civ. A. No. H-14-2986, 2016 WL 8193294, at *19 (S.D. Tex. Oct. 16, 2016)("Even if defenses such as waiver or laches are valid under the FLSA, Defendants have failed to plead the defenses of laches, estoppel, waiver, ratification and/or consent and equitable estoppel with any specificity" . . . to put Plaintiff on notice of the factual basis for these potential defenses."). As the Court observed in *Herrera v. Utilimap Corp.,* Civ. A. No. H-11-3851, 2012 WL 3527065, at *3 (S.D. Tex. Aug. 14, 2012), "When the Fifth Circuit has allowed estoppel in FLSA actions, it has been based on the specific facts of the case. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). Without additional facts to support these claims, the affirmative defenses of laches and estoppel cannot stand." RDL has not alleged such additional facts. Accordingly the Court reaffirms its dismissal of Plaintiffs affirmative defenses of equitable estoppel and judicial estoppel.

RDL has listed as an affirmative defense FLSA section 13(a), 29 U.S.C. § 213(a)(exempting exemptions, the administrative, outside sales, and combination exemptions, each of which requires the Court to determine what constitutes plaintiffs "primary duty" under 29 C.F.R. § 541.700(a). The exemption must be construed narrowly and the employer bears the burden of proving the employee's exempt status under § 13(a). *Hasho v. Rockwell Space*

*Operations Co.*, 867 F. Supp. 1287, 1294 (S.D. Tex. Nov. (S.D. Tex. 1994). Applying the fair notice standard, courts have found that even though defendants fail to provide specific facts supporting their assertion of "good faith," courts find such minimal "allegations "barely scrape[] over the fair notice stand" in notifying the plaintiff of the nature of the defense and avoiding unfair surprise. *See, e.g., Rodriguez v. Physician Lab Servs., LLC*, No. 13-cv-622, 2014 WL 847126, at *3 (S.D. Tex. Mar. 4 2014); *Dyson v. Stuart Petroleum Testers, Inc.*, No. 01-15-CV-282 RP, 2015 WL 4935527, at *4 (W.D. Tex. Aug. 18, 2015); *Floridia v. DLT 3 Girls, Inc.*, No. 3:11-CV-3624, 2012 WL 1565533, at *3 (S.D. Tex. May 2, 2012)(holding defense asserting that "plaintiff was an exempt administrative and/or executive employee under Section 13(a)(1) of the FLSA" sufficient to give plaintiff notice); *Franks v. Tyhan, Inc.*, Civ. A. H-15-191, 2016 WL 1531752, at *3 (S.D. Tex. Apr. 15, 2016). Accordingly, the Court reverses its previous dismissal of this affirmative defense of RDL.

The Court has been unable to find a case addressing good faith reliance on advice of counsel that recognizes such an affirmative defense under the FLSA. Nor is there any reference to it in the statute. Thus the Court reaffirms its dismissal of this defense.

Since 1974, in a change in the law, the Fifth Circuit has recognized as an exception allowing set-offs contrary to the bar against them established in FLSA cases in *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir, 1974)(holding that allowing counterclaims for set-offs against the amount due in back pay under the FLSA for the

value of goods, including gas and supplies from the employer, was inappropriate in a proceeding brought to enforce minimum wage and overtime provisions), *rev'd on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) because these deductions in many cases dropped the final awards below "the [statutory] minimum payments required by the Act."  Subsequently in *Singer* the Fifth Circuit concluded that when the payments made to the plaintiff are considered pre-payments, i.e., payments already received and considered to be wages. *Franks v. Tyhan*, 2016 WL 1531752, at *3 (S.D. Tex. Apr. 15, 1016), *citing Singer v. City of Waco, Tex.,* 324 F.3d 813, 828 (5th Cir. 2003)[8]; *Martin v. Pepsi/Americas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2012)(Nevertheless the court "continue[s] to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee.").  Because RDL specifies in his affirmative defense that it is for a pre-payment offset, the Court reverses its previous dismissal of this defense.

The Court finds that RDL has adequately pled his MCE

---

[8] As explained in *Jones v. JGC Dallas LLC*, 2012 WL 4119570, at *3 (N.D. Tex. Aug. 17, 2012), after originally denying set-offs under the FLSA, in *Singer*, 324 F.3d at 828,

the Fifth Circuit considered whether a district court properly allowed an employer to set-off wage overpayments to employees in some work periods against shortfalls or deficiencies in wages in other work periods.  Viewing the overpayments as prepayments-- i.e., payments the employer paid in advance to the employees to compensate them for the shortfalls they would receive in subsequent work periods--the Fifth Circuit held that the district court did not err in allowing the set-offs.  *Id.* at 828.

affirmative defense, so the Court reverses its previous dismissal
that defense.

Alternatively RDL has moved for leave to amend or to certify
this case for interlocutory review pursuant to 28 U.S.C. § 1292(b).
The Court has reinstated RDL's affirmative defenses of MCA
exemption, good faith exemption for "any employee employed in a
bona fide executive, administrative, or professional capacity"
under 29 U.S.C. § 213(a), good faith reliance on an administrative
regulation, order, ruling, approval and interpretation under 29
U.S.C. § 259, and prepayment offset.

Regarding the first motion, the Court observes that RDL has
already filed three answers; to allow another one will hold up this
trial-ready case even more.  Furthermore, there are four criteria
for granting an interlocutory appeal of an order under§ 1292(b),
all of which must be satisfied:  the appeal must involve a
controlling question of law as to which there is substantial ground
for difference of opinion, where an immediate appeal may materially
advance ultimate termination of the litigation and it must be filed
within a reasonable time after the order sought to be appealed.
Here, too, the fact that this case is trial-ready and the Court
expects to establish a schedule for the pretrial order, docket
call, and trial, makes any additional delay of this nearly three-
year-old case not only unwarranted, but it would obstruct rather
than advance the ultimate termination of the litigation. *Ahrenholz
v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-
76 (7th Cir. 2002)("[T]o do so in such circumstances is merely to

waste . . . time and delay the litigation in [this] district court, since the proceeding in [this] court normally grinds to a halt as soon as [this] judge certifies an order in the case for an immediate appeal."), *cited by In re BP p.l.c. Oregon v. BP P.L.C.*, 2013 WL 12156398, at *4-5 (S.D. Tex. Jan. 4, 2013)("A key concern consistently underlying Section 1292(b) decisions is whether permitting an interlocutory appeal will speed up the litigation," citing *Ahrenholz*, 219 F.3d at 675).  Thus the Court denies the motion for leave to amend or to certify.

Finally, regarding RDL's motion for leave to file a motion to dismiss or for summary judgment, although the Court finds that RDL has had enough bites at the apple, because the Court is allowing Greene to file a motion for summary judgment within twenty days, and because a summary judgment motion might resolve some issues before trial, in the interests of efficiency the Court will allow RDL the same opportunity.

Accordingly, for the reasons stated above, the Court ORDERS the following:

(1)  Defendant Greene Energy Group, LLC's ("Greene's") motion to dismiss Plaintiffs' Third Amended Complaint pursuant to Fed. R. of Civ. Proc. 12(b)(6) (#131) is DENIED, but Greene is GRANTED LEAVE to file a motion for summary judgment within 20 days of entry of this Opinion and Order;

(2) Defendant RDL Energy Services, LP's ("RDL's") motion for clarification and/or reconsideration (#135) is

GRANTED in part and DENIED in part, as indicated in pages 11-17 this Opinion and Order;

(3) RDL's alternatively motion for leave to file a further amended answer, or motion to certify pursuant to 28 U.S.C. § 1292(b) and stay case (#133) is DENIED; and

(4) RDL's motion for leave to file its motion to dismiss is DENIED, but the Court GRANTS RDL leave to file a motion for summary judgment within 20 days (#134).

SIGNED at Houston, Texas, this __29th__ day of __March__, 2017.

_____
          MELINDA HARMON
   UNITED STATES DISTRICT JUDGE