IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFONSO TREVINO, MARVIN "RICK" CLARK, MARVIN R. CLARK, III, CHANCE WINFREY, EDWIN KISER, JONATHON LARA, FORREST IRA CHANIK, MICHAEL GRAY, MARK JANECEK, ISAIAH GUNTER, AND RAMON MIER, JEREMY SANCHEZ, | § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:14-CV-01936 |
| v. | § § | |
| RDL ENERGY SERVICES, LP, GREENE'S ENERGY GROUP, LLC, ET AL., | § § § § | |
| Defendants. | | |

## DEFENDANT GREENE'S ENERGY GROUP, LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant Greene's Energy Group, LLC ("Greene's") respectfully files this Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure and in support thereof shows as follows.

## I.    SUMMARY OF THE ARGUMENT

This is an FLSA wage and hour dispute in which Plaintiffs contend in their Third Amended Complaint that they were jointly employed by Defendants and were not paid owed wages. This Court has already granted two of Greene's co-defendants' motions to dismiss with prejudice because Plaintiffs have failed to plead facts sufficient to establish plausible claims for relief. In particular, Plaintiffs failed to allege facts sufficient to establish joint employment. To overcome a motion for summary judgment, federal courts require that plaintiffs shoulder a higher burden than merely pleading plausible claims for relief as required under Fed. R. Civ. P.

12(b)(6). Where plaintiffs cannot meet even the lower burden required to overcome a Rule 12(b)(6) motion to dismiss, summary judgment is appropriate. Because this Court has held that Plaintiffs' boilerplate and nearly identical allegations against Greene's codefendants were not plausible claims for relief, summary judgment is appropriate against Plaintiffs with respect to their identical claims against Greene's.

## II.   ISSUES PRESENTED

The issues before the Court are whether Greene's is entitled to summary judgment because Plaintiffs have failed to demonstrate an issue of material fact by failing to meet their preliminary burden of pleading plausible claims for relief.

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.  Background.

On July 11, 2014, Plaintiffs filed this wage-and-hour lawsuit against RDL on behalf of themselves and similarly situated individuals. (Original Complaint, Doc. 1.). On November 6, 2014, the Court issued a Scheduling Order and set a deadline of February 6, 2015 to file amended pleadings and to add new parties (Scheduling Order, Doc. 11). On that deadline, Plaintiffs filed a Motion for Leave to File Second Amended Complaint to Join Additional Parties ("Motion for Leave"), seeking to join two additional plaintiffs and Baker Hughes, Weatherford, and Greene's as defendants to this lawsuit. (Plaintiffs' Motion for Leave, Doc. 16; Proposed Second Amended Complaint, Doc. 16-1). Plaintiffs asserted in their Motion for Leave that RDL identified the additional defendants as entities for which Plaintiffs had performed work, and based on RDL's earlier-served discovery responses, Plaintiffs "believed that the Proposed Additional Defendants acted as joint employers of Plaintiff…." (Doc. 16 at ¶¶ 102).

On March 5, 2015, the Court granted Plaintiffs' Motion for Leave and Plaintiffs' Second Amended Complaint was filed that day. (Order Granting Motion for Leave, Doc. 23; Second Amended Complaint, Doc. 24). The allegations against Greene's consisted of a single sentence that was totally conclusory and threadbare: "Baker Hughes, Weatherford, and Greene's are joint employers under the Fair Labor Standards Act and control and direct the activities of the various Plaintiffs." (Doc. 24 at ¶ 20). The Plaintiffs did not identify which, if any of them, had supposedly been employed by Greene's.

**B. Plaintiffs file a Third Amended Complaint, which alleged only boilerplate allegations against the Defendants.**

On August 24, 2015, Plaintiffs sought leave to file a Third Amended Complaint, which was granted. (Docs. 48, 49, 60). In that Third Amended Complaint, Plaintiffs continued to allege boilerplate allegations against Greene's without distinguishing Greene's from the other Co-Defendants or providing any specific underlying facts. For example:

- "Baker Hughes, Weatherford, and Greene's are joint employers under the Fair Labor Standards Act and control and direct the activities of the various Plaintiffs and employees for which they request to perform work for them." Third Amended Complaint at ¶ 21.

- "RDL, Baker Hughes, Weatherford, and Greene's are not independently owned and controlled local enterprises within the meaning of 29 U.S.C. § 207(b)(3)." *Id.* at ¶ 23.

The one solitary allegation in the Third Amended Complaint directed towards Greene's was the incredibly vague claim that "[m]ost Plaintiffs worked for Greene's from 2011 until present." *Id.* at ¶ 27. This statement is identical or nearly identical to Plaintiffs' pleaded claims against Weatherford and Baker Hughes. *Id.* at ¶¶ 26, 28.

3

**C. This Court's Order Finding that Plaintiffs' Third Amended Complaint Failed to Adequately Plead a Plausible Claim for Relief.**

On July 21, 2016, this Court signed an Opinion and Order (the "Order") granting motions to dismiss filed by Baker Hughes and Weatherford and holding explicitly that Plaintiffs had failed to sufficiently plead facts in their Third Amended Complaint beyond merely conclusory and "boilerplate" allegations. (Doc. 130).

First, the Court concluded that Plaintiffs' Third Amended Complaint failed to state a plausible claim of joint employment. For example, the Court concluded that Plaintiffs' Third Amended Complaint "failed to state a plausible claim" against Baker Hughes because of "the dearth of any specific supporting facts for the factors of the economic realities test to qualify as an employer in the multi-employer context under the FLSA." *Id.* at *57. The Court reached the same conclusion with respect to Weatherford, agreeing with Weatherford's assertion that:

> "Plaintiffs have simply parroted boilerplate of the FLSA for individual and enterprise coverage without supporting facts, i.e., vague, general, conclusory statements that fail to state plausible claims for 'joint employer' status, for overtime or minimum wages, for willfulness, or for a collective action. Plaintiffs do not plead facts showing that Weatherford employed any specific Plaintiff or even that it qualifies as an 'employer,' no less as a 'joint employer,' under the FLSA. Plaintiffs further fail to provide Weatherford with notice of what duties the RDL employees performed, under what terms, the time period they worked for RDL, and when and which Plaintiffs performed duties for Weatherford while being employed by RDL. Plaintiffs fail to differentiate among the different Defendant corporate entities, but instead make the same vague, conclusory allegations against all."

*Id.* at *58.  In sum, Plaintiffs were required to "show that those co-Defendants for which each worked are 'joint employers' with RDL within the meaning of the FLSA," but "[t]he Court has found that Plaintiffs have failed to allege facts or provide evidence that they were joint employers." *Id.* at *78-79.

This Court also held that Plaintiffs failed to "adequately plead a facially plausible claim for overtime wages" because their Third Amended Complaint "provide[d] only a formulaic

4

recitation of the elements of such a cause of action without any supporting factual detail." *Id.* (citations omitted). The Court explained that "[t]he sole, isolated assertion of an overtime claim with any specific facts" in the Third Amended Complaint (*i.e.*, the allegation in paragraph 31 that Trevino routinely worked a certain number of hours for Baker Hughes, Greene's, or Weatherford) was "no better than a 'threadbare' complaint" because "a general and conclusory allegation as to the number of hours 'routinely' worked fails to meet the standard whereby the court can reasonably infer there were one or more weekends in which the plaintiff was subject to an overtime violation." *Id.* at *59. Similarly, the Court found that Plaintiffs' Third Amended Complaint failed to state any claims for reimbursement of expenses. *Id.* at *57, *64.

Next, the Court pointed out that Plaintiffs had failed to plead adequate collective action allegations because they failed to "plead facts showing that there are similarly situated persons entitled to relief and that common issues of fact predominate." *Id.* at *59-60. Plaintiffs also "failed to plead a willful violation of the FLSA because they fail to plead underlying facts to support such a claim, i.e., that Defendants knew their alleged conduct was prohibited by the FLSA or they were severely reckless about it." *Id.* at *60-61.

For all the foregoing reasons, this Court granted Baker Hughes' and Weatherford's Motions to Dismiss Plaintiffs' claims with prejudice under Fed. R. Civ. P. 12(b)(6). *Id.* at *82.

## IV.    ARGUMENT & AUTHORITIES

### A.  Courts may grant summary judgment when plaintiffs fail to plead a plausible claim for relief.

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by

"showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

A motion for summary judgment under Fed. R. Civ. P. 56 requires plaintiffs to "shoulder a higher burden" than they would face to overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which requires "merely pleading a plausible claim." *Obazee v. Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 8479677 at *3 n. 6 (N.D. Tex. Dec. 10, 2015). For this reason, several federal courts have granted a motion for summary judgment against a plaintiff who failed to meet even the lesser burden to plead facts sufficient to state a plausible claim as required under Fed. R. Civ. P. 12(b)(6). *See, e.g., Breidel v. Harris County Sheriff's Office*, No. 4:13-CV-23, 2014 WL 3891693 at *8 (S.D. Tex. Aug. 6, 2014) (granting defendants' motion for summary judgment on plaintiff's claim under Section 1983 because plaintiff failed to plead facts in his complaint sufficient to state a plausible claim for relief); *see also Jefferson v. Christus St. Joseph Hospital*, 374 Fed. Appx. 485 (5th Cir. Mar. 11, 2010) (affirming lower court's grant of motion for summary judgment in part because plaintiffs failed to state a plausible claim for relief as to their claim of retaliation in their third amended complaint).

### B. Summary judgment is appropriate in this case because Plaintiffs have failed to meet their lesser burden of stating a plausible claim for relief.

Plaintiffs are required under Federal Rules to plead plausible claims and to set forth sufficient factual allegations in their pleadings to support that claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. A plaintiff will not meet the minimum standard "if the complaint lacks an allegation regarding a required element necessary to obtain relief…" *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

In cases where a plaintiff alleges to be employed by more than one employer, as Plaintiffs allege here, courts apply the multi-factor "economic realities" test to determine whether an employer-employee relationship exists between the parties. *See, e.g.*, *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012); *see also Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). The factors include whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray*, 673 F.3d at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). To survive a motion to dismiss as to joint employment allegations, "some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Kaminski*, 2010 WL 4817057, at *2.

Applying the pleading standards set out in *Twombly* and *Iqbal*, the Courts in this district–including this Court – have routinely dismissed FLSA "joint employer" allegations that fail to state facts showing the existence of the joint employment relationship. *See, e.g.*, Docket No. 130 (Opinion and Order filed July 21, 2016); *Hernandez v. Praxair Distribution, Inc.,* Civil Action No. 4:14-CV-1915, at p. 2 (available on PACER) (Harmon, J.) (dismissing plaintiff's FLSA claims against employers comprising an alleged single enterprise because plaintiff failed to plead facts supporting the elements of a single enterprise relationship); *Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.) (dismissing plaintiffs' FLSA claims against two defendants because  plaintiffs failed to assert any factual allegations supporting economic realities test and noting general references to "defendants'" actions were not enough); *Oberc v. BP PLC, et al.*, No. 4:13 CV-01382, 2013 WL 6007211 (S.D. Tex. Nov. 13, 2013) (Hoyt, J.) (finding that there was a "dearth of facts" showing that any entity

other than the contractor maintained employment records, and the plaintiff "almost exclusively base[d] his claim on bald assertions and legal conclusions"); *Escobedo v. Metal Protective Coating Professionals, Inc.,* No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.) (plaintiff failed to plead "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [four] defendants . . . [or] how [their] employment was handled generally"); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J.) (granting motion to dismiss due to plaintiffs' failure to set forth facts to support showing that each defendant was his employer); *Lee v. Dish Network, L.L.C.*, No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.) (granting motion to dismiss on joint employer issue where plaintiffs failed to allege adequate facts to support allegation that defendants were joint employers); *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) (Miller, J.) (granting motion to dismiss because Plaintiffs had  not "offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA").

Plaintiffs' factual allegations regarding Greene's consist only of vague statements regarding the alleged control and direction that the "Defendants," *collectively*, had over the Plaintiffs' work. (Third Amended Complaint ¶ 25). Moreover, the Third Amended Complaint says nothing about three of the four economic realities factors, including which entity had the power to hire and fire, which entity determined the rate and method of payment,[1] and which

---

[1] Plaintiffs allege that "Defendants controlled the amount that Plaintiffs were paid by negotiating with RDL their day-rate based on their resumes and job skills." (Third Amended Complaint ¶25) But the issue is who paid the *Plaintiffs* (which Plaintiffs concede was RDL, see ¶ 30), not what RDL was paid by the client companies like Greene's for the Plaintiffs' services. If simply negotiating payment to a third-party services provider like RDL for the services of its employees was enough to satisfy this factor in the economic realities test, then the factor would by definition exist in *every* third-party services arrangement. That is clearly not the law. The clear implication from the Third Amended Complaint is that RDL, not Greene's, set the amount of Plaintiffs' pay.

entity maintained employment records. (The obvious implication being that RDL, not Greene's, handled all of these tasks.) Simply put, to state claims against Greene's, the Plaintiffs must identify facts *specific to Greene's* that support the economic realities factors. General and conclusory allegations regarding the Defendants, as a group, are not enough. And providing facts relating to only one of four factors is not enough.

In this case, the alleged facts pleaded by Plaintiffs are general, conclusory allegations pled against multiple defendants that are insufficient to establish joint employment. At most, Plaintiffs have pled a typical third-party services provider arrangement between RDL and the various other defendants. Plaintiffs' allegations are plainly not enough to plausibly identify a joint-employment arrangement. Because Plaintiffs have failed to state a claim against Greene's for violations of the FLSA, they have not met even their initial burden under Fed. R. Civ. P. 12(b)(6) to show that they have pleaded a plausible claim for relief and therefore cannot shoulder the "higher burden" of overcoming a motion for summary judgment under Fed. R. Civ. P. 56.

**C. This Court is collaterally estopped from finding that Plaintiffs have pleaded a plausible claim for relief against Greene's because it already held that Plaintiffs' nearly identical pleadings against Baker Hughes and Weatherford were insufficient to state a plausible claim for relief.**

The long-established doctrine of collateral estoppel, also known as "issue preclusion," bars the re-litigation of issues already adjudicated and essential to the judgment in litigation. *Kaspar Wire Works, Inc. v. Leco Engineering & Mach, Inc.*, 575 F.2d 530 (5th Cir. 1978); *see also Fath v. Tex. Dep't of Transportation*, No. 1:16-CV-234-LY, 2016 WL 7442868 (W.D. Tex. Sept. 6, 2016). Issue preclusion has three elements: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision. *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013).

Additionally, both the facts and the legal standard used to assess them must be the same in both proceedings. *Id.* at 550.

As described in detail above, this Court has adjudicated and litigated the issue of whether Plaintiffs' allegations in its Third Amended Complaint were insufficient to establish plausible claims for relief. The Court's determination that Plaintiff's allegations were insufficient was necessary to its decision to grant Weatherford's and Baker Hughes' Motions to Dismiss with prejudice. Plaintiffs allegations against Greene's are nearly identical, are based on the same facts, and should be assessed by the same legal standard. This Court is therefore estopped from ruling that the same allegations establish plausible claims for relief against Greene's.

## CONCLUSION

Because Plaintiffs have failed to establish plausible claims for relief against Greene's, Greene's is entitled to judgment as a matter of law under Fed. R. Civ. P. 56 and respectfully requests that this Court enter summary judgment in its favor with respect to all of Plaintiffs' claims.

Respectfully submitted,

/s/ Carolyn Russell
Carolyn A. Russell, Attorney in Charge
Texas SBN: 24003913
Stephen J. Quezada, Of Counsel
Texas SBN: 24076195
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713.655.0855 (Phone)
713.655.0020 (Fax)
carolyn.russell@ogletreedeakins.com
stephen.quezada@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT
GREENE'S ENERGY GROUP, LLC

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 18th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

                    /s/Carolyn Russell
                    Carolyn Russell