Case 4:14-cv-01936 Document 160 Filed in TXSD on 10/31/17 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFONSO TREVINO, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-01936 |
| § | |
| RDL ENERGY SERVICES, LP, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, brought by Plaintiffs who were at varying times employed as non-exempt day-rate employees with Defendant RDL Energy Services, L.P. ("RDL"), a Texas staffing corporation operating throughout the United States, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seeking unpaid overtime compensation and reimbursement of expenses incurred on the employer's behalf of sums spent for the convenience of the employer under 29 C.F.R. § 778.217, are the following motions:

(1) Defendant Greene's Energy Group, LLC's ("Greene's") Motion for Leave to File its Motion for Judgment on the Pleadings and Request for Expedited Consideration (Doc. 145);

(2) Defendant RDL's Motion for Partial Summary Judgment on Statute of Limitations (Doc. 146); and

(3) Defendant Greene's Motion for Summary Judgment (Doc. 147).

### I. Greene's Motion for Summary Judgment (Doc. 147)

Defendant Greene's, allegedly a joint employer of Plaintiffs, filed a Motion for Summary Judgment, Doc. 147, arguing Plaintiffs failed to plead facts sufficient to establish a plausible

claim for relief, and therefore, a grant of summary judgment is appropriate. Where a summary judgment motion mounts challenges solely to the sufficiency of a plaintiff's pleadings, those challenges are reviewed under a motion to dismiss standard. *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015). *Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.1993). Under this standard, "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.,* 699 F.3d 812, 816 (5th Cir. 2012) (internal quotation marks omitted). "We accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.*

The Court has already analyzed the sufficiency of the Plaintiffs' pleadings regarding Defendants Baker Hughes and Weatherford, alleged joint employers along with Greene's, and found that they were insufficient. Doc. 130 at 4–64. Greene's motion for summary judgment rests on the same allegations, case law, and analysis the Court applied when it dismissed the other alleged joint employers. *See id.* at 56–64.

Plaintiffs' pleadings regarding Greene's are nearly identical to its pleadings regarding Baker Hughes and Weatherford. Plaintiffs do not allege anything additional that would distinguish its claims against Greene's from those against Baker Hughes and Weatherford or would otherwise change the analysis. Therefore, adopting and incorporating the standards of review, the substantive law, the summary of Plaintiffs' allegations, and the analysis of this Court's previous Order, Doc. 130, as if that Order were fully set forth verbatim herein, the Court agrees with Greene's that Plaintiffs have failed to state a plausible claim against it. For these reasons, further explained below, Greene's Motion for Summary Judgment is granted.

Defendant Greene's argues that Plaintiffs have failed to plead facts sufficient to establish

plausible claims for relief. In particular, Plaintiffs failed to allege facts sufficient to establish joint employment. The Court agrees with Greene's that Plaintiffs have failed to state a plausible claim against it. In their third amended complaint, Doc. 61, Plaintiffs have simply parroted boilerplate language of the FLSA for individual and enterprise coverage without supporting facts. Plaintiffs have made vague, general, conclusory statements that fail to state plausible claims for "joint employer" status, for overtime or minimum wages, for willfulness, or for a collective action. Plaintiffs do not plead facts showing that Greene's employed any specific Plaintiff or even that it qualifies as an "employer," no less as a "joint employer," under the FLSA. Plaintiffs further fail to provide Greene's with notice of what duties the RDL employees performed, under what terms, the time period they worked for RDL, and when and which Plaintiffs performed duties for Greene's while being employed by RDL. Plaintiffs fail to differentiate among the different Defendant corporate entities, but instead make the same vague, conclusory allegations against all.

Plaintiffs must show that Greene's is a "joint employer" with RDL within the meaning of the FLSA, i.e., they must examine each work assignment of a particular Plaintiff in order to see if his employer meets the requirements of a joint employer relationship. The Court finds that Plaintiffs have failed to allege facts or provide evidence that Greene's was a joint employer. Since Plaintiffs have not pled facts sufficient to state a claim to relief that is plausible on its face, Greene's Motion for Summary Judgment is granted.

## II. RDL's Motion for Partial Summary Judgment (Doc. 146)

Defendant RDL filed a Motion for Partial Summary Judgment on Statute of Limitations, Doc. 146, arguing Plaintiffs' claims are time-barred by the statute of limitations and must be

dismissed. For the reasons discussed below, RDL's motion is denied.

Regarding the statute of limitations for an action brought under the FLSA such as the present one, Section 255 of Title 29 states:

> [A] cause of action. . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255.  According to Section 256, an individual action "commences" on the date the complaint is filed.  However, in the case of a collective or class action,

> it shall be considered to be commenced in the case of any individual claimant—
> (a)  on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b)  if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.  In other words, in collective actions, written consent of each plaintiff must be filed for the action to commence for that plaintiff for the purpose of Section 255.

Here, the parties dispute when Plaintiffs' action should be considered to have commenced for the purpose of Section 255.  The date of commencement turns on whether Plaintiffs' action is to be considered an individual or collective one.  Defendant argues that Plaintiffs are pursuing a collective action and have not fulfilled the more stringent requirements of Section 256 to actually "commence" their action.  As a result, Defendant argues, the statute of limitations has run and Plaintiffs' claims are now time-barred.  Plaintiffs respond that this is not a collective action, and therefore, they do not need to meet the requirements of a collective action in order for their action to be considered to have commenced.  Rather, since it is an individual action, the action was commenced on the date the complaint was filed, and the statute of

limitations does not bar their claims.

The Court agrees with Plaintiffs. As the Court has already stated in its Order denying Plaintiffs' Motion to Conditionally Certify a Collective Action and mooting Plaintiffs' Motion to Toll Statute of Limitations: "This case will proceed as an individual action brought by named Plaintiffs." Doc. 130 at 82. This is an appropriate consequence of the Court's finding that the case was "unsuitable to proceed as a collective action" and its subsequent denial of Plaintiffs' motion for certification of a collective action. *Id.* at 79, 81–82; *see McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (explaining that when a court decertifies a class, the original plaintiffs proceed on their individual claims).

Because the Court has stated this case is to proceed as an individual action and not a collective one, Plaintiffs are not required to file written consent in order to commence the action for statute of limitations purposes. *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) ("It is clear that a plaintiff does not need to file a written consent if an individual action is maintained."). Rather, this action "shall be considered to be commenced on the date when the complaint is filed." 29 U.S.C. § 256.

Since RDL's arguments hinge on the classification of Plaintiffs' action as collective, and since this Court has already classified Plaintiffs' action as individual, for the reasons discussed above, Defendant's Motion for Partial Summary Judgment on Statute of Limitations is denied.

### III. Greene's Motion for Leave to File its Motion for Judgment on the Pleadings and Request for Expedited Consideration (Doc. 145)

As a result of the Court granting Greene's Motion for Summary Judgment, Greene's Motion for Leave to File its Motion for Judgment on the Pleadings is moot.

Accordingly, for the reasons stated above, the Court ORDERS the following:

(1)  Defendant Greene's Energy Group, LLC's ("Greene's") Motion for Leave to File its Motion for Judgment on the Pleadings and Request for Expedited Consideration (Doc. 145) is MOOT;

(2)  Defendant RDL's Motion for Partial Summary Judgment on Statute of Limitations (Doc. 146) is DENIED; and

(3) Defendant Greene's Motion for Summary Judgment (Doc. 147) is GRANTED.

SIGNED at Houston, Texas, this 31st day of October, 2017.

                                              MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE